THOMAS E. DURKIN, JR., PLAINTIFF, v. JOSEPH THOMAS AND CITY OF NEWARK, A MUNICIPAL CORPORATION, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided November 21, 1962.

*Mr. Thomas E. Durkin, Jr., pro se.*

*Mr. Norman N. Schiff,* Corporation Counsel, City of Newark, for defendants.

MATTHEWS, J. C. C. (temporarily assigned). This matter comes before me on cross motions for summary judgment. Plaintiff is an attorney at law of this State. The present action arises out of litigation involving injuries inflicted on Eileen Linda Peer, a minor, by the inadvertent discharge of a service revolver by defendant Joseph Thomas, who was then a police officer of defendant city. The litigation involving Miss Peer terminated in a jury verdict in her favor which was subsequently affirmed by the Appellate Division in *Peer v. Newark,* 71 *N. J. Super.* 12 (*App. Div.* 1961), certif. denied 36 *N. J.* 300 (1962).

After the institution of the *Peer* action, defendant Thomas was advised to retain independent counsel by the city because of the existence of conflicts of interest between those parties. As a result of this advice, Mr. Durkin, plaintiff here, was retained. Preliminarily, it should be stated that there is no dispute as to the fact of Mr. Durkin's services or as to the

reasonableness of the fee which he requests that the city pay for the services he rendered. Mr. Thomas who is a party to this action is not a party to the present motion proceedings.

Plaintiff contends that he was retained by Patrolman Thomas pursuant to the provisions of *N. J. S. A.* 40:11–19 which reads as follows:

"Where a member of any police or fire department is made a defendant in any suit or other legal proceeding arising out of the performance of police or fire duty or out of any incident arising in the line of such duty, the officer, board or body in control of such police or fire department shall provide all necessary legal aid necessary for the defense of such suit or other legal proceeding; *provided,* this shall not apply to any disciplinary or criminal proceeding instituted against such policeman or fireman by the municipality in which he is employed."

It is argued that the statute just quoted obligated the city to provide representation in defending the *Peer* action because the act of Thomas in carrying his service revolver at the time in question was in the line of his duty.

Defendant city answering the argument of plaintiff states that since plaintiff concedes that defendant Thomas was off duty at the time that the accident occurred, he could not have been performing police duty or involved in any incident arising in line of such duty as contemplated by *N. J. S. A.* 40:11–19. The city further argues that since the statute does not expressly provide for legal aid for suits or proceedings arising from conduct while "off duty," the courts should not incorporate in the statute a meaning not clearly expressed therein. It is contended that since the statute speaks of the performance of police duties and incidents arising in line of such duty, to include acts performed while off duty will be to enlarge beyond common meaning the content of the statute.

It seems to me that the argument of the city, if accepted, would serve to restrict the plain meaning of the statute in question rather than discourage feared judicial enlargement of clear legislative intent.

There is no dispute that under the facts of the *Peer* case (which action plaintiff here was retained to defend) the infant plaintiff was struck by a bullet discharged from a service revolver issued to Patrolman Thomas by defendant city; that at the time of the incident, Thomas was a patrolman in the Newark City Police Department and not under suspension; and that Thomas, as a member of the police department, was, under the rules provided in the Manual of Procedure of the Newark Police Department (§ 420), ordered to carry his police service revolver at all times during *off duty* hours, except when on vacation, under suspension, sick, or injured. See *Peer v. Newark*, 71 *N. J. Super.* 12, 16, 17 (*App. Div.* 1961). Patrolman Thomas as a member of the police force was required to carry his service revolver at all times. It is common knowledge that the basis for this requirement is that an off duty patrolman may thus be readily available to perform police duties at all times even though he may be in a status technically termed off duty. The requirement that he carry his revolver at these times involves the carrying out of a condition of his employment as a police officer. Under such circumstances, the carrying of a revolver in off duty status must certainly be considered to be the performance of an act in the line of police duty. To consider the fact that the officer was technically off duty, that is, that he was not at the time of the incident patrolling a beat or investigating a crime, would, I believe, place undue technical emphasis upon the clear wording of *N. J. S. A.* 40:11–19. Semantics might be served by such construction but, certainly, not justice. We are not interested here in whether the act of carrying the service revolver by the police officer was within the much broader legal concept of scope of employment. The concept here is line of duty. In determining whether a given act is within the line of duty, the test is whether the act done was in prosecution of the employer's business. *La Bella v. Southwestern Bell Tel. Co.*, 224 *Mo. App.* 708, 24 *S. W.* 2d 1072, 1075 (1930). It is evident that in carrying his service revolver on the day in question, Mr.

Thomas was prosecuting the business of the City of Newark in that he had himself in readiness to respond to any call to act as a police officer at the time.

The city also contends that since a police officer only works eight hours of actual duty, no act performed by him outside of actual duty can be considered in line of duty. I cannot accept this contention. The argument is apparently based on the provision of *N. J. S. A.* 40:47–16 which provides for an eight-hour day for police officers. There is nothing in *N. J. S. A.* 40:11–19 which even remotely indicates that acts performed in line of duty or in the performance of police duty must occur within the eight-hour tour on which the officer is engaged in actual duty. In addition, there is nothing in the record before me to indicate that *N. J. S. A.* 40:47–16 is applicable to the City of Newark, although I regard this latter observation as immaterial to the conclusion which I have expressed herein.

In view of the foregoing, I determine plaintiff's motion for summary judgment should be granted and defendant's motion for summary judgment should be denied. An order for the entry of judgment may be presented on notice or by consent.